**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

ROBERT D. BAILEY, IV
and TANYA B. BAILEY,

Plaintiffs,

v. CIVIL ACTION NO. 5:14-cv-23814

ERIE INSURANCE PROPERTY
AND CASUALTY COMPANY,

Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiffs' *Motion for Remand* (Document 5) and *Memorandum of Law in Support of Motion to Remand* (Document 6), as well as the *Response of Defendant in Opposition to Plaintiff's Motion to Remand* (Document 9). Following careful review and consideration, the Court finds that the Plaintiffs' motion to remand should be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiffs initiated this action with a three count *Declaratory Judgment Complaint* (Document 1-1) filed on June 12, 2014, in the Circuit Court of Wyoming County, West Virginia. The Plaintiffs' home, insured by Erie Insurance Property and Casualty Company (Erie) Policy Number #Q60-6900685, suffered damage as a result of a failed retainer wall on or about June 1, 2012. (See Document 1 at 2.) The instant dispute revolves around Erie's denial of coverage under the applicable Policy on or about June 12, 2012. Count One of the Plaintiffs' complaint

alleges that the Plaintiffs are entitled to a declaration "that the losses incurred by them [result from] a covered event within the terms and provisions of the identified policy," Count Two accuses the Defendant of an unfair trade practice violation, and Count Three alleges that the Defendant acted in bad faith. (Document 1-1 at 5-6.) In addition to a declaration from this Court announcing that the Defendant must provide coverage under the applicable policy, the Plaintiffs also seek their costs and attorney's fees, and ask that "the Plaintiffs be awarded such fair and equitable distribution upon these premises as may be deemed appropriate." (*Id.* at 6-7.)

Erie filed its *Notice of Removal* (Document 1) on July 17, 2014.[1] The Plaintiffs filed their *Motion for Remand* and accompanying *Memorandum of Law in Support* on August 18, 2014, and the *Response of Defendant in Opposition* was filed on August 28, 2014. The Plaintiffs did not file a reply to the Defendant's response in opposition.

## II. STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a).[2] This Court has original

1 Erie attaches the following as exhibits to its *Notice of Removal* (Document 1): (1) a sixteen page copy of the state court complaint, summons, affidavits, and exhibits attached to the state court complaint (Document 1-1 at 1-16); (2) a one page copy of the docket sheet from the Circuit Court of Wyoming County, West Virginia, undated (Document 1-2); (3) a one page copy of the acceptance of service by the West Virginia Secretary of State, dated June 17, 2014 (Document 1-3); (4) a one page copy of an amended declaration sheet, undated (Document 1-4); (5) a twenty-six page copy of the photo album for Claim # 010510360460, undated (Document 1-5); (6) a seven page copy of a case styled *Aetna Casualty & Surety Co. v. Pitrolo*, 342 S.E.2d 156 (W.Va. 1986) (Document 1-6) and (7) a one page copy of the Civil Cover Sheet, dated July 17, 2014 (Exhibit 1-7).

2 Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a)(1)-(2). Generally, every defendant must be a citizen of a state different from every plaintiff for complete jurisdiction to exist. Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441. Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). Additionally, Section 1446 requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading. It is the long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted).

Accordingly, in this case, the removing defendant has the burden to show the existence of diversity jurisdiction by a preponderance of the evidence. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W. Va. Aug. 26, 2009) (Faber, J) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp.2d 481,488 (S.D. W. Va. 2001)). In deciding

28 U.S.C. § 1441(a).

whether to remand, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

**III. DISCUSSION**

Erie argues that removal is proper because this action is between citizens of different states and the amount in controversy exceeds $75,000, especially when considering the totality of the Plaintiffs' allegations and requested relief, as well as attorney's fees. (Document 1 at 3-4.)

The Plaintiffs disagree, and note that the Defendant's burden to prove the amount in controversy requirement is by a "legal certainty." (Document 6 at 1-2.) The Plaintiffs allege that the face value of the home is $117,000, and argue that the "partial collapse of a retaining wall adjacent to a house owned by the Plaintiffs" does not mean that the threshold amount in controversy is met because "it taxes common sense that repair or replacement costs of a retaining wall could reach 64% of the Defendant's own determination of the value of the structure in its entirety." (*Id.* at 2.)

The Defendant responds that the applicable standard is actually "preponderance of the evidence," and not "legal certainty" as the Plaintiffs argue, and further notes that the contract damages, attorney's fees and potential punitive damages from a finding of bad faith clearly meet the requisite amount in controversy. (Document 9 at 1-2.) It argues that the pictures in the claim file

> display not only significant failure to the retaining wall, but also damages to the home from that failure, including fractured kitchen window frames, damaged kitchen counters, damaged walls along the kitchen and bedroom on the first floor, drywall damage in the

> bedroom, partial collapse of the home along the kitchen and bedrooms, and damage to the HVAC system. Such damage claims put in controversy the entirety of plaintiffs' dwelling damage limits in addition to other structures coverage at $11,050.00, personal property limits of $82,875.00, and loss of use limits for loss sustained not to exceed 12 consecutive months.

(*Id.* at 2.) Erie stresses that West Virginia law "allows for the recovery of attorney's fees in the successful prosecution of a declaratory judgment for first party coverage." (*Id.* at 3) (internal citation omitted.) It also avers that in declaratory judgment actions, the amount in controversy is measured by the value of the object of the litigation. (*Id.*) Finally, it notes that "[a]s punitive [damages] are recoverable in bad faith actions, this additional damage claim adds measurably in favor of the amount in controversy." (*Id.*)

As an initial matter, diversity of citizenship is met because here the Plaintiffs are citizens of West Virginia who reside in Wyoming Country, West Virginia, while the Defendant is incorporated in Pennsylvania, authorized to do business in West Virginia, and has its principal place of business at 100 Erie Insurance Place, Erie, Pennsylvania, 16530. (*See* Document 1-1 at 3-4, Document 1 at 1.)

Based on the allegations of the Plaintiffs' complaint, the Court finds that Erie has carried its burden of demonstrating, by a preponderance of the evidence, that the amount in controversy is satisfied. *See White v. Chase Bank USA, NA.*, Civil Action No. 2:08-1370, 2009 WL 2762060, at *1 (S.D. W. Va. Aug. 26, 2009) (Faber, J) (citing *McCoy v. Erie Insurance Co.*, 147 F.Supp.2d 481,488 (S.D. W. Va. 2001)). The record currently before the Court indicates that there is the potential for extensive (1) property and (2) loss of use damages to the subject home as a result of the failed retaining wall. This is borne out by the allegations of both extensive interior and

exterior property damage to the house.[3] Further, if successful, the Plaintiffs' declaratory judgment action would entitle them to recovery of attorney's fees and potentially punitive damages on the bad faith claim. As a result, it is clear from the record that this Court enjoys jurisdiction over this matter, and the motion to remand must be denied.

## CONCLUSION

Wherefore, after careful consideration, the Court finds that it enjoys subject matter jurisdiction over the above-styled matter. Accordingly, the Court **ORDERS** that the Plaintiffs' *Motion for Remand* (Document 5) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 19, 2014

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

3 The Court notes that this is the case even when employing the Defendant's valuation of the home—$110,500.00—as opposed to the Plaintiffs' valuation of $117,000.00. (*See* Document 9 at fn 1.)